IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv345

| | |
|---|---|
| ROBERT V. NEWCOMB, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> PRINCIPAL MUTUAL LIFE ) <br> INSURANCE COMPANY, also ) <br> known as Principal Life Insurance ) <br> Company, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on plaintiff's Motion to Quash Defendant's Subpoena to Dr. David Husted, M.D.

The subpoena issued to Dr. Husted, a testifying expert retained by plaintiff, seeks production of certain documents he reviewed in preparing his opinion. Plaintiff asserts that a subpoena duces tecum is a "naked subpoena," and that the only proper method for obtaining such materials under Rule 26 is through deposing Dr. Husted, at which time the documents could be reviewed by defendant's counsel. Defendant opposes the motion, first arguing that plaintiff lacks standing to move to quash a subpoena issued to a non-party, and second that the federal rules in no way limit the use of a subpoena duces tecum in securing documents from an expert in advance of a deposition. Defendant appears to be correct on both arguments.

First, plaintiff does not have or more appropriately, has not asserted, sufficient standing to move to quash a subpoena issued to a third party retained expert. A party

has standing to object to a third-party subpoena *duces tecum* upon showing that the documents sought may contain privileged materials, trade secrets, confidential research, or commercial information. Windsor v. Martindale, 175 F.R.D. 665, 668 (D.Colo.1997). Further,

> [a] motion to quash or modify a subpoena *duces tecum* may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.

Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D.Kan.1999)(citation and internal quotation marks omitted). Plaintiff appears to make clear in his Reply, however, that he is asserting no privilege:

> Plaintiff does not assert those grounds [ which include privilege] for its motion but bases the motion in authority establishing that all discovery directed to a retained expert witness, including subpoenas issued pursuant to Rule 45, is first subject to Rule 26(b) and that rule establishes limitations on such discovery.

Reply, a#26, at 3-4.

Plaintiff's thesis is, therefore, that it is improper under Rule 26(b)(4) to serve a retained expert witness with a subpoena *duces tecum* - - the so called "naked subpoena" - -without also serving such witness with deposition subpoena. Analysis begins with Rule 26(b)(1), which provides in relevant part that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed.R.Civ.P. 26(b)(1). The same rule goes on to address discovery scope and limits as they may apply to a party's testifying expert, as follows:

> **(A) Expert Who May Testify.** A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

Fed.R.Civ.P. 26(b)(4)(A). Plaintiff has cited the court to two opinions from the United States Courts for Western District of Virginia, which describe a subpoena *duces tecum* as a "naked subpoena" and conclude that Rule 26(b)(4) does not allow the use of a subpoena *duces tecum*, that is unaccompanied by a deposition subpoena, to compel production of documents by a retained non-party expert. See Marsh v. Jackson, 141 F.R.D. 431, 433 (W.D.Va. 1992)(Crigler, M.J.); Ambrose v. Southworth Products Corp., 1997 WL 470359, 1 (W.D.Va.1997)(Michael, J.). In Marsh, the court wrote:

> The comments state that "[C]lause (c)(3)(B)(ii) provides appropriate protection for the intellectual property of the non-party witness; it does not apply to the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4)." Rule 45, 1991 Amendment, Subsection (c) advisory committee notes. As indicated, Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum. Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial. These methods are tried and true. They both are simple and provide protection for the parties and witnesses. They contemplate gathering information first from the party *viz* Rule 26(b). In the event a party wishes to deal directly with the opponent's expert, Rule 30 permits the use of a deposition. In conjunction with that deposition, the expert might be served also with a Rule 45 subpoena duces tecum requiring him to produce a designated list of materials or things. <u>The most important attribute of these discovery methods is that they protect the interests of the expert and the party retaining him in the work that he has produced, while also providing access to the opposing party, though such access might not be as inexpensive as the opponent might desire.</u>

> While the court is sympathetic to defendant's argument in this case that much expense and potentially some time might be saved by permitting discovery under Rule 45 of the experts here in question, it seems to the court that the drafters of the Rules could have accounted for that if it had been their intention to do so. The court declines to construe the Rules in a manner that would rewrite them, either by adding to or taking away from one or the other.

Marsh, supra, at 433.

It is, however, defendant's excellent argument as to standing which makes the decision in Marsh clear. Without doubt, a party would lack standing to move to quash a subpoena to a third party unless such party was able to assert that he had a protectable privilege. In the realm of experts retained to testify privileges quickly evaporate leaving the party who has retained the expert with little to no ability to either review the documents subpoenaed or object to their production. By reading Rule 26(b)(4)(A) as limiting the available methods for securing further discovery materials *from the expert* who has provided his report, the court in Marsh first gives meaning to Rule 26(b)(4)(A), second, does not impair defendant's ability to attempt to secure *from the plaintiff* the same material through a document request, and third provides the party who retained the expert with the ability to interpose whatever objection they may have to production of documents which they clearly have, if not a privilege, a proprietary interest.

Finally, while defendant argues that judges Michael and Crigler wrongly decided their respective cases in the Western District of Virginia, it appears that Marsh has been relied on by a number of courts. See Smith v. Transducer Technology, Inc., 2000 W.L. 1717332 (D.V.I. 2000). Perry v. United States, 1997 WL

53136 *1 (N.D.Tex.); Ambrose v. Southworth Products Corp., 1997 WL 470359 *1 (W.D.Va.); Greer v. Anglemeyer D.O., 1996 WL 56557 *2 (N.D.Ind.); Hartford Fire Ins. Co. v. Pure Air on the Lake, Ltd., 154 F.R.D. 202, 208 (N.D.Ind.1993); and Quale v. Carol Cable Co., Inc., 1992 WL 277981 *2 (E.D.Pa. 1992). It has also been distinguished by at least two cases. See Thomas v. Marina Associates, 202 F.R.D. 433(E.D.Pa. 2001); Expeditors International of Washington, Inc. v. Vastera, Inc., 2004 WL 406999 (N.D.Ill. 2004). While decisions of the Western District of Virginia are not binding precedent in this district, they are highly persuasive as the opinions of experienced jurists serving within the same circuit. Because defendant is quite correct that plaintiff lacks standing to quash the subpoena, the court will quash the subpoena upon its own motion and under its inherent authority offer the issuance of process from this court inasmuch as such subpoena was issued outside the bounds of Rule 26(b)(4)(A).

While the court fully agrees with the decisions of the Western District of Virginia, the court also agrees with the logic and reasoning of the defendant that the subpoena *duces tecum* was simply intended to allow counsel an opportunity to prepare for examination of Dr. Husted at his deposition in an efficient and cost effective manner. Unless the parties can agree, the court would consider an adjournment or recess of Dr. Husted's deposition after such materials are produced to allow counsel for defendant an opportunity to review such material without incurring unnecessary expenses that run while a deposition is underway, as well as not waste Dr. Husted's time.

Inasmuch as the subpoena was issued in good faith, the parties shall bear their own costs as to the present motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Quash Defendant's Subpoena to David Husted, M.D. (#24) is **DENIED** for lack of standing, and the court upon its own motion **QUASHES** the subpoena *duces tecum* issued to Dr. Husted as being beyond the discovery scope and limits applicable to retained experts who may testify.

Signed: August 11, 2008

Dennis L. Howell
United States Magistrate Judge